# JIM RATHMANN ENTERPRISES, INC. v CITY OF MELBOURNE, FLORIDA

Case No. 88-3701-AP

Eighteenth Judicial Circuit, Brevard County

January 13, 1989

## APPEARANCES OF COUNSEL

**Charles I. Nash,** for appellant.

**Andrew A. Graham,** for appellee.

Before HARRIS, JOHNSON, WOODSON, JJ.

## OPINION OF THE COURT

PER CURIAM.

At a hearing on November 5, 1987, the Code Enforcement Board found that "Banners and balloons are used on a consistent basis during sales and/or on weeks by the Appellant.["] The Board concluded that a fine would be imposed for future violations.

On January 23-24, 1988, Appellant displayed a gas-filled balloon over its commercial property as part of a sales event. Appellee, after a hearing, determined that this violated the city sign ordinance and imposed a $250.00 fine for each day the balloon was in place.

The ordinance found to be violated is 25-19(6) of the City of Melbourne Code of Ordinances, which provides:

(6) Banners or Banner Signs.

a. Banners, banner signs, pennants, searchlights, twirling signs, sandwich board signs, sidewalk or curb signs, balloons or other gas-filled figures shall not be used on a permanent basis except as provided in subsection (6)b., hereof.

b. Signs described in subsection a. above will be permitted at the opening of a new business in the commercial or industrial district for a total period not to exceed seven (7) days and will be allowed in residential districts in conjunction with an open house or model home demonstration conducted by a realtor or subdivider for two (2) days before the opening of such a demonstration and not to exceed a total period of seven (7) days.

Appellant argues that the above ordinance is unconditionally vague when trying to apply the words "permanent basis" to paragraph b. Appellee argues that it is not vague and the sole permitted use of an advertising balloon in a commercial district is at the opening of a new business for a temporary period. In effect, Appellee's position is that the ordinance should be read as thought the words "permanent basis" were not in the ordinance at all.

We must construe the ordinance as adopted. When Ordinance 25-19(6)a. says " . . . shall not be used on a permanent basis except as provided in subsection (6)b. hereof . . . ," then it perhaps follows that they "may be used on a temporary basis other than as provided in subsection (6)b." A temporary sign is defined by Ordinance 25-4 as "any sign which is used in advertising for a period not to exceed thirty (30) days." A permanent sign is defined as "any sign which is used in advertising for a period exceeding thirty (30) days." The word "permanent," as it relates to signs, has a well-defined meaning in the sign ordinance.

If the intent of the ordinance is to ban the enumerated items, e.g. balloons, except as permitted by 25-19(6)b., then the words "permanent basis" should be removed from the ordinance. The presence of those words creates ambiguity in the ordinance and makes the public guess at its meaning. It fails to adequately inform the public of the conduct permitted or proscribed. Ordinance 25-19(6) is unconstitutionally vague.

The "Order Imposing Penalty/Lien," dated February 10, 1988, is reversed. It is not necessary to discuss the other points raised by Appellant.

Harris, Charles M.; Johnston, Clarence T., Jr.; and Woodson, J. William, Judges, concur.